**brown**rudnick

MICHAEL J. BOWE
direct dial: 212.209.4905
fax: 212.938.2902
MBowe@brownrudnick.com

October 19, 2022

**VIA ECF**

Honorable Paul G. Gardephe
United States District Judge
United States District Court for the Southern District of New York
Thurgood Marshall Courthouse
40 Foley Square, Room 705
New York, New York 10007

RE:   *Sullivan v. Hwang, et al.*, Case No. 1:22-cv-5675-PCG
        Plaintiff's Response to Defendants' Pre-Motion Letter Regarding Motion to Stay

Dear Judge Gardephe:

      This Firm represents Plaintiff Brendan Sullivan in the above captioned action, and pursuant to Rule IV(A) of Your Honor's Individual Rules of Practice write in response to the joint letter submitted by all Defendants requesting a pre-motion conference to discuss a potential motion to stay discovery while anticipated motions to dismiss are pending. (ECF No. 89). Defendants' generic request falls well short of establishing good cause to deviate from the presumptive federal rules. Tellingly, Defendants acknowledge that Plaintiff will have claims that survive motions to dismiss. Further, Defendants fail to establish they will be burdened by commencing discovery and ignore the prejudice Plaintiff will face should a stay be entered. This request is merely an attempt to delay this case while several Defendants deal with related criminal and civil actions concerning the same conduct that anchors Plaintiff's claims.[1] The Court should deny the Defendants' request in their entirety and direct the parties to immediately commence discovery.

**I.       Factual Background[2]**

      Plaintiff is a former employee of Archegos who was fraudulently induced to participate and remain in an employee deferred compensation plan (the "Plan") starting in the fall of 2016.

---

[1]    *See United States v. Sung Kook (Bill) Hwang and Patrick Halligan*, No. 22-cr-00240-ALC (S.D.N.Y.) (the "DOJ Action"); *Securities and Exchange Commission vs. Sung Kook (Bill) Hwang, Patrick Halligan, William Tomita, Scott Becker, and Archegos Capital Management, LP*, No. 22 Civ. 3402-JPO (S.D.N.Y) (the "SEC Action"); *Commodity Futures Trading Commission v. Archegos Capital Management, LP and Patrick Halligan*, No. 22-cv-03401-JPO (S.D.N.Y.) (the "CFTC Action").

[2]    For a more detailed overview of the facts, Plaintiff directs the Court to his responses to Defendants' pre-motion letters requesting conferences to discuss motions to dismiss. (*See* ECF Nos. 85, 86, 87).



Hon. Paul G. Gardephe
October 19, 2022
Page 2

(ECF No. 1, Complaint ("Compl."), ¶¶ 49-15, 80-85, 106-114). To participate in the Plan, Plaintiff was required to defer a portion of his yearly bonus to be invested with Archegos's firm capital. (*Id.*, ¶¶ 81, 86-87, 92, 106-111). Archegos's investment strategy was successful for a time (*id.*, ¶¶ 113-114), but after suffering substantial losses in the beginning of the Covid-19 pandemic, Sung Kook (Bill) Hwang ("Hwang") directed Archegos to implement a new, highly leveraged trading strategy that focused on a consolidated group of illiquid stocks that were to be purchased frequently and at a high volume. (*Id.*, ¶¶ 144-147). Defendants misrepresented this new strategy to Plaintiff and other Plan participants in an effort to induce them to stay at Archegos and allow Defendants to continue using their money for what would become a fraudulent trading scheme. (*Id.*, ¶¶ 149, 153-154, 157-160, 167-168). Among other things, Defendants repeatedly misrepresented key elements of the new trading strategy, the risk profile associated with the strategy, the safeguards they had in place, and the deteriorating Fund position during the period in which they implemented the strategy. (*See id.*). As a result, Plaintiff and other Plan participants remained at Archegos and their deferred compensation remained in the Fund. In March 2021, the Defendants' strategy finally collapsed; in the span of four days Archegos's portfolio, including the employee deferred compensation, dropped to nearly zero. (*Id.*, ¶¶ 153-157, 170, 189-192). When Plaintiff resigned from Archegos and attempted to collect his deferred compensation, which he was entitled to collect at its value thirty days prior under the Plan terms, Archegos breached the Plan contracts and refused to pay Plaintiff or any other Plan participant. (*Id.*, 204-205).

## II.   Argument

"A motion to dismiss does not automatically stay discovery . . . [and] discovery should not be routinely stayed simply on the basis that a motion to dismiss has been filed." *Cambridge Capital LLC v. Ruby Has LLC*, No. 20-CV-11118 (LJL), 2021 WL 2413320, at *1 (S.D.N.Y. June 10, 2021) (citation omitted). "A court may grant a motion to stay discovery only upon a showing of 'good cause.'" *Bensmaine v. City of New York*, No. 21-cv-04816 (LJL), 2022 WL 3362188, at *1 (S.D.N.Y. Aug. 15, 2022) (*citing* Fed. R. Civ. P. 16(b)(4)). When analyzing good cause, courts assess: (1) whether a defendant has made a strong showing that the plaintiff's claims are unmeritorious; (2) the breadth of discovery and the burden of responding to it; and (3) the risk of unfair prejudice to the party opposing the stay. *Kirschner v. J.P. Morgan Chase Bank, N.A.*, No. 17 Civ. 6334 (PGG) (SLC), 2020 WL 230183, at *2 (S.D.N.Y. Jan. 15, 2020). Here, none of these factors weigh in favor of a stay.

### A. Defendants Fail to Make a Strong Showing that Their Potential Motions to Dismiss Will Succeed or Eliminate or Limit the Need for Discovery.

Defendants cannot carry their burden to justify a stay because (1) Defendants' motions have not yet been filed and cannot be evaluated; (2) Defendants concede that several claims will proceed past the pleadings stage to discovery against at least some of the Defendants; and (3) Defendants continue to ignore the well-pled facts of the Complaint that establish all of Plaintiff's claims were properly alleged.

At the outset, this request is procedurally improper, because Defendants have not yet filed any motions to dismiss, and Plaintiff has not had an opportunity to properly oppose such



Hon. Paul G. Gardephe
October 19, 2022
Page 3

theoretical motions. *See Mulligan v. Long Island University*, No. 18-CV-2885 ERK-SJB, 2018 WL 8014320, at *1 (W.D.N.Y. Dec. 13, 2018) ([T]he Court is in the position of having to assess the merits of the dispositive motion before it has been filed. That alone counsels against the stay being granted."); *see also Republic of Turkey v. Christie's Inc.*, 316 F.Supp.3d 675, 678 (S.D.N.Y. 2018) (court could not assess strength of motion because "it only recently was filed, and opposition papers are not yet due."). At this juncture, without knowledge of what Defendants will actually argue on a motion to dismiss, a stay is inappropriate and prejudicial.[3]

Regardless, in order to establish good cause, defendants are required to make a "'strong showing' that Plaintiff's claim[s] [are] unmeritorious." *Guiffre v. Maxwell*, No. 15 Civ. 7433 (RWS), 2016 WL 254932, at *2 (S.D.N.Y. Jan. 20, 2016). Defendants acknowledge that their intended motions to dismiss will not dispose of this action completely, because whether Plaintiff proceeds under his ERISA or state law theories, Plaintiff will have claims that survive Defendants' motions to dismiss. (*See* ECF No. 89, at 3 (conceding that if ERISA applies, Plaintiff will have a viable claim against Archegos); at 4 (noting that if Plaintiff proceeds under his state law theories, Plaintiff's contract claim will remain). Defendants' inability to dispose of this action supports denial of a stay. *See CT Espresso LLC v. Lavazza Premium Coffees Corp.*, No. 22-CV-377 (VSB), 2022 WL 1639485, at *2 (S.D.N.Y. May 24, 2022) (denying stay when "[t]here is thus no pending motion that potentially disposes this entire action.").

"To state a claim under ERISA, a plaintiff must allege and establish the existence of an employee benefit plan that is governed by ERISA." *Kuhbier v. McCartney, Verrino & Rosenberry Vested Producer Plan*, 95 F.Supp.3d 402, 409 (S.D.N.Y. 2015). Here, the Plan was an employee benefit plan that required employees to systematically defer income until after termination of their employment (Compl., ¶¶ 107, 115-117, 213), and constituted an ongoing administrative scheme. (*Id.*, ¶¶ 119, 214). *See Tischmann v. ITT/Sheraton Corp.*, 145 F.3d 561, 565 (2d Cir. 1998) (plan was an ongoing administrative scheme when payments were made upon termination of participating employees). Further, Plaintiff has alleged enough to proceed on individual claims for plan-wide relief and in a representative capacity if needed. (*See* Compl., ¶¶ 218, 229); *Coan v. Kaufman*, 437 F.3d 250, 262 (2d Cir. 2006) (§ 502(a)(2) "permits ERISA plan participants to bring suit for individual remedies'"); *Browe v. CTC Corp.*, 15 F.4th 175, 191 n. 6 (2d Cir. 2021) (acknowledging process to seek plan-wide relief in a representative capacity).

Separately, Plaintiff has properly pled his state law theories (*see* ECF Nos. 86, 87), and established that the Court has diversity and supplemental jurisdiction to adjudicate these claims.

---

[3] Many of Defendants' citations involve cases where motions to dismiss had already been filed, and courts had the chance to evaluate the complete basis for the motion. *See Spencer Trask Software & Info. Servs., LLC v. RPost Int'l Ltd.*, 206 F.R.D. 367 (S.D.N.Y. 2002) (motions to dismiss filed at the time court evaluated stay request); *Johnson v. New York Univ. Sch. Of Educ.*, 205 F.R.D. 433, 434 (S.D.N.Y. 2002) (same); *Alapha View Ltd. v. Prodigy Network, LLC*, No. 20-CV-7572 (VSB), 2021 WL 1893316 (S.D.N.Y. May 10, 2021) (same); *Shulman v. Becker & Poliakoff, LLP*, 2018 WL 4938808 (S.D.N.Y. Oct. 11, 2018) (same); *Integrated Sys. & Power, Inc. v. Honeywell Int'l Inc.*, No. 09-cv05874, 2009 WL 2777076, at *1 (S.D.N.Y. Sept. 1, 2009) (same); *Spinelli v. Nat'l Football League*, No. 13-cv-7398, 2015 WL 7302266 (S.D.N.Y. Nov. 17, 2015) (motions to dismiss filed and hearing scheduled). Here, Plaintiff and the Court have had no such opportunity.



Hon. Paul G. Gardephe
October 19, 2022
Page 4

*See Jacobs v. Patent Enforcement Fund, Inc.*, 230 F.3d 565, 567 (2d Cir. 2000); *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1191 (2d Cir. 1996).[4]

Therefore, when accepting the allegations of the Complaint as true, Plaintiff has sufficiently alleged all claims, (*see* ECF Nos. 85, 86, 87), which will survive Defendants' potential motions to dismiss. *Republic of Turkey*, 316 F.Supp.3d at 679 ("Assuming the allegations of the [Complaint] are true, which the Court must do in evaluating a motion to dismiss, the District Court could find" validly stated claims.); *see also Guiffre*, 2016 WL 254932, at *2 (denying stay when "Plaintiff has pled concrete facts and law to support all of her arguments."). Indeed, Defendants concede that Plaintiff will have claims proceed past the pleadings stage, warranting denial of the stay. *See Cambridge Capital*, 2021 WL 2413320, at *2 (denying stay when the merits of the motion to dismiss "require[d] further study and analysis.").

### B. Defendants Fail to Establish Discovery Will Be Overly Broad or Burdensome.

Defendants cannot credibly argue that the breadth of Plaintiff's discovery requests are overly broad or that responding will be unduly burdensome, because Plaintiff has not yet served or discussed with Defendants any discovery requests. *Brooks v. Macy's, Inc.*, No. 10 CIV 5304 BSJ HBP, 2010 WL 5297756, at *2 (S.D.N.Y. Dec. 21, 2010) ("Because no discovery requests have been served, it is impossible to assess both the breadth of discovery sought and the prejudice, if any, that defendant would suffer in responding to these requests.").

Furthermore, because Defendants will be engaged in discovery regardless of the outcomes of their motions, Defendants will suffer no prejudice in participating in discovery prior to a motion to dismiss decision. *See Hollins v. U.S. Tennis Ass'n*, 469 F.Supp.2d 67, 79 (E.D.N.Y. 2006) (denying stay when "[e]ven if the moving defendants' motions to dismiss are granted, this action will proceed and discovery will be conducted."); *Kaplan v. Lebanese Canadian Bank, SAL*, No. 08CV7253GBDKHP, 2022 WL 2541081, at *1 (S.D.N.Y. July 7, 2021) (no prejudice where the parties will be engaged in discovery regardless of the outcome of the motions). Even if dismissed, any individual defendants will inevitably be relevant to Plaintiff's remaining claims and will participate in discovery as non-parties. *See Hollis*, 469 F.Supp.2d at 79 ("Even assuming the moving defendants' are dismissed, it is likely that the plaintiffs will conduct discovery regarding these defendants as non-parties" and "[d]iscovery of the moving defendants is inevitable regardless of the outcome of their motion to dismiss.").

Equally supportive is the fact that discovery in the DOJ, SEC, and CFTC actions will likely be similar or duplicative of the discovery sought by Plaintiff in this action, diminishing Defendants claims that *any* discovery obligations will be burdensome in this action at this stage. *See General Electric Int'l., Inc. v. Thorco Shipping Am., Inc.*, No. 21 Civ. 6154 (JPC), 2022 WL 1748410, at *3 (S.D.N.Y. May 31, 2022) ("Given that the parties will need to engage in substantively the same discovery whether or not they proceed with Plaintiffs' claims in this

---

[4] Jurisdictional defects "need not prove fatal to a complaint[,]" and such amendments to address "will be freely permitted . . ." *Canedy v. Liberty Mut. Ins. Co.*, 126 F.3d 100, 103 (2d Cir. 1997). Here, diversity jurisdiction does not provide Defendants with the "strong showing" needed to suggest Plaintiff's claims will fail.


litigation or in the [related arbitration], it is unlikely that [defendants] will be significantly burdened, if at all, by having to respond to Plaintiffs' requests in this litigation."). Indeed, Defendants have likely already completed much of the discovery work they will be asked to do in this case.

### C. Plaintiff Will Suffer Undue Prejudice by a Discovery Stay.

Finally, Defendants make the conclusory argument that a stay pending dispositive motions will not prejudice the Plaintiff, namely because the stay will only be temporary.[5] This position ignores the inherent prejudice plaintiffs face when stalled from pursing their claims. *See Bensamine*, 2022 WL 3362188, at *2 (rejecting temporary characterization of stay because "[i]f accepted, it would preclude a finding of prejudice in every case in which the moving party asks for a stay pending the resolution of its motion."). Plaintiff had a significant amount of his compensation from Archegos tied up in the Plan. Any delay in allowing him to prosecute his claims further distances him from this already earned compensation. *See Elhassa v. Hallmark Aviation Srvs. L.P.*, No. 21-cv-9768 (LJL), 2022 WL 563264, at *2 (S.D.N.Y. Feb. 24, 2022) (denying stay and noting a plaintiff's interest in pursuing claims for encumbered compensation). This stay would perpetuate Defendants' scheme to ignore Plaintiff's rights, set in motion in March 2021 when Defendants denied Plaintiff's request for his deferred compensation. (Compl., ¶¶ 201-205). Any further delay will cause Plaintiff increased financial harm and constitutes undue prejudice outweighing any potential expense to Defendants. *Krischner*, 2020 WL 230183, at *3 (plaintiff would be prejudiced by the passage of time and increased expense of a discovery stay).

Therefore, Defendants' arguments in support of their potential motion for a stay of discovery fail, and Plaintiff respectfully requests that the Court deny any potential motion.

<div style="text-align: right;">
Sincerely,

**BROWN RUDNICK LLP**

Michael J. Bowe
</div>

cc: All Counsel, via ECF

---

[5] In *CC/Devas (Mauritius) Ltd. v. Air India, Ltd.*, No. 1:21-cv-5601, 2022 WL 355759 (S.D.N.Y. Feb. 4, 2021) (Gardephe, J.), the Court evaluated a request to stay an entire litigation pending decisions in several related cases in a different district and analyzed the request under a different standard than that used for a discovery stay. *Id.* at *7-8. Additionally, in *Emigrant Bank v. SunTrust Bank*, No. 20-cv-02391-PGG ("*Emigrant Bank*"), a stay was justified because (1) both parties agreed the case revolved around the interpretation of contract terms, (2) at the time of the request defendant amended a related preceding, which implicated its obligations under the contract, and (3) defendant had agreed to provide discovery in a related action to the plaintiffs. *See Emigrant Bank*, Dkt. Nos. 25, 28. None of these factors are relevant to the case at bar.