

**Christopher Porrino**
Partner

One Lowenstein Drive
Roseland, New Jersey 07068

**T**: 973-597-6314
**F**: 973-597-6315
**E**: cporrino@lowenstein.com

October 24, 2022

**VIA ECF**

Honorable Paul G. Gardephe
United States District Judge
United States District Court for the Southern District of New York
Thurgood Marshall Courthouse
40 Foley Square, Room 705
New York, New York 10007

Re:   *Sullivan v. Hwang, et al.*, Case No. 1:22-cv-5675-PGG
      Request for Pre-Motion Conference Regarding Motion to Stay

Dear Judge Gardephe:

      This firm represents The Grace and Mercy Foundation, Inc. (the "Foundation"), a charitable nonprofit that plaintiff Brendan Sullivan ("Plaintiff") has named as a defendant in the above-referenced matter. We write to pursuant to Rule IV(A) of Your Honor's Individual Rules of Practice to request a pre-motion conference regarding what the Foundation believes should be a stay of discovery pending resolution of the anticipated motions to dismiss by the Foundation and also by the other Defendants. Plaintiff opposes a stay.

      We will not repeat the arguments advanced by other Defendants in their letter to Your Honor dated October 14, 2022 – namely, that: (i) the Defendants' motions to dismiss are likely to succeed; (ii) the burden of responding to discovery in the meantime justifies a stay; and (iii) Plaintiff will suffer no prejudice as a result of a stay.[1] These factors, however, apply with particular force to the Foundation.

      As detailed in this firm's September 16, 2022 letter to Your Honor, Plaintiff was never an employee of the Foundation, and the Foundation had absolutely no involvement in the Plan at issue. Plaintiff had no legal or factual basis to name the Foundation as a party to this action. The Foundation's inclusion is nothing more than an attempted cash grab by Plaintiff – and even worse, an attempt to get at funds intended for grants to leading charities in the United States and throughout the world. Moreover, Plaintiff's wrongful inclusion of the Foundation in this case is forcing the Foundation to pay legal fees with funds that would otherwise be available for charitable purposes.

      As the Court is aware, a stay of discovery may be warranted where "the viability of Plaintiffs' claims is in at least some doubt pending the resolution of the motio[n] to dismiss." *See, e.g.*, *Spinelli v. Nat'l Football League*, No. 13-cv-7398, 2015 WL 7302266, at *2 (S.D.N.Y. Nov. 17, 2015). Here,

---

[1] This October 14 letter was filed by King & Spalding LLP on behalf of defendants Archegos Capital Management, LP, Archegos Fund LP, Bill Hwang, Patrick Halligan, Brian Jones, Andy Mills, Scott Becker, Diana Pae, and EWM LLC.

Hon. Paul Gardephe
October 24, 2022
Page 2

Plaintiff has not even pled a viable claim against the Foundation – and Plaintiff himself has now conceded that there is a threshold issue as to whether there is federal-question jurisdiction at all.

      Thus, in addition to seeking leave to file its motion to dismiss, the Foundation respectfully seeks leave to move for a stay of discovery until its motion (as well as the motion to dismiss by other defendants) are resolved. Plaintiff's supposed claims against the Foundation need to be tested under Rules 12(b)(6) and 12(b)(1) – and Plaintiff will fail that test. We thank the Court for its time and consideration.

      Respectfully yours,

      *s/ Christopher Porrino*
      Christopher Porrino

cc: All Counsel of Record