UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

BRENDAN SULLIVAN,

                 Plaintiff,

       v.

SUNG KOOK ("BILL") HWANG,
ARCHEGOS CAPITAL MANAGEMENT, LP,
ARCHEGOS CAPITAL MANAGEMENT, LLC, THE
GRACE AND MERCY FOUNDATION, INC.,
ARCHEGOS FUND LP, EWM LLC, d/b/a EWM
GLOBAL, ANDY MILLS, DIANA PAE, BRIAN
JONES, SCOTT BECKER, and PATRICK HALLIGAN,

                Defendant.

_____

Civil Action No.:
22cv5675

## MEMORANDUM OF LAW IN SUPPORT OF EWM LLC'S MOTION TO DISMISS THE AMENDED COMPLAINT

Respectfully,

PHILLIPS LYTLE LLP
Attorneys for Defendant
*EWM LLC*
620 Eight Avenue, 38th Floor
New York, New York 10018-1442

Joseph B. Schmit
Trent J. Citarella
Eric Robert Freiman
-Of Counsel-

Defendant EWM LLC submits this memorandum of law in support of its motion, pursuant to Federal Rule of Civil Procedure 12(b)(6), to dismiss the Amended Complaint ("Am. Compl.") of Plaintiff, Brandon Sullivan, on the ground that it fails to state a claim upon which relief may be granted.

## INTRODUCTION

EWM LLC ("EWM") was a third-party service provider to Archegos Capital Management, LP ("Archegos"). EWM provided a platform through which Archegos could provide digitalized deferred compensation information to its employees. EWM had no role in structuring the relevant funds, investing money or otherwise advising Archegos in the administration, design or governance of the Archegos compensation plans. EWM processed data only—entirely at the direction of Archegos.

The allegations in the Amended Complaint concerning EWM are, being charitable, sparse. In a voluminous 99 page, 367 paragraph complaint, EWM is mentioned a mere seven times, and named in only two of the 20 counts—Count One: Breach of Fiduciary Duty under ERISA, and Count Eighteen: Civil Conspiracy. Neither claim should be sustained.

Even assuming that ERISA applies to the plan in question,[1] EWM was not a fiduciary. Accordingly, the First Count of the Amended Complaint for breach of fiduciary duty under ERISA must be dismissed. Tellingly, the Amended Complaint fails to even allege the nature of EWM's role with Archegos, let alone a factual basis to conclude that EWM was a fiduciary or breached any relevant duty. There is no factual predicate pled that EWM had discretionary control over the plan, made investment decisions, sold the plan, or

---

[1] EWM joins in the arguments of the other defendants that the plan in question is not governed by ERISA. To the extent that argument is accepted by this Court, Count I as to EWM must be dismissed.

otherwise took on the role and responsibility of a fiduciary.  In fact the Amended Complaint ascribes those roles to other defendants.  Notably, EWM is not included in the other counts that require specific factual allegations—*e.g.*, fraud, or fraudulent inducement.  Count One as to EWM must be dismissed.

Similarly, the general and unspecified claim for civil conspiracy (Count Eighteen) is insufficiently pled.  A generic, standalone, claim for civil conspiracy is not recognized under New York law.  EWM is not alleged to have participated in an independent tort, requiring the dismissal of that claim.

The Amended Complaint fails to state a claim upon which relief can be granted.  EWM's motion should be granted and the Amended Complaint dismissed with prejudice as to EWM.

### FACTUAL BACKGROUND

Plaintiff, Brandan Sullivan, was an employee of defendant Archegos, a fund founded and run by defendant Sunk Kook ("Bill") Hwang, a notorious Wall Street trader, who employed an aggressive, highly leveraged trading strategy.  (*E.g.*, Am. Compl. ¶¶ 2, 4.) Plaintiff alleges that he (and other employees) were encouraged by Hwang and the other individual defendants—*i.e.,* the "Executive Defendants"—to open, and make substantial contributions to certain retirement accounts.  (*E.g.*, *id.* ¶¶ 8-9.)  Plaintiff contends these accounts were subject to the requirements of ERISA.  (*Id.* ¶¶ 10, 17-18, 116.)

Plaintiff further alleges that the Executive Defendants managed these accounts.  (*E.g.*, Am. Compl. ¶¶ 62-79.)  And that, contrary to numerous representations made by the Executive Defendants, the contributions he made to his retirement account

were co-mingled with the general fund. (*E.g.*, *id.* ¶ 237.)  When the market declined, the

Fund, as well as all the retirement accounts, declined as well. (*E.g.*, *id.* ¶¶ 1, 6, 193.)

  EWM, which is mentioned nowhere in the "Nature of the Action" section of

the Amended Complaint (Am. Compl. ¶¶ 1-17), which summarizes the alleged scheme, was

a third-party service provider to Archegos. (*E.g.*, *id.* ¶¶ 20, 39, 223.)  Plaintiff alleges that

Archegos hired EWM to be the external administrator or a record keeper and to provide a

portal to display information Archegos provided. (*Id.* ¶¶ 39, 119 (citing

https://www.ewmglobal.com/site/solutions/), 223.)  EWM serves private equity firms,

banks, asset management companies and other financial institutions by providing a digital

platform that allows its clients to display the nominal values of their plans (under the

supervision and direction of EWM's Clients) in a single easily accessible web location.

https://www.ewmglobal.com/site/solutions.  EWM does not provide investment advice

nor did EWM provide Archegos advice or direction on plan design, governance, or award

valuations. (*Id.* and Schmit Decl. ¶ 2, Ex. 1, pp. 1 "Administration and Reporting Services"

(citing the Admin. Scope Detail), 5-6 (EWM Services and Plan Sponsor Responsibilities

(§§ 2.1-2.2)); Schmit Decl. Ex. 2, "Admin. Scope Detail"; Schmit Decl. Ex. 3, "Exhibit E"

(Plan Sponsor Obligations).  EWM did not have the authority to adjust account information

without Client or plan participant instructions. (*Id.*)  The Amended Complaint does not

allege facts suggesting otherwise. (*See generally* Am. Compl.)

  The Amended Complaint asserts 20 Counts.  EWM is named in only two of

those counts—Breach of Fiduciary Duty Under ERISA (Count One) and Civil Conspiracy

(Count Eighteen).  These two claims are based on the following allegations from the 367

paragraph Amended Complaint: (Am. Compl. ¶¶  20 (jurisdictional allegation); 39 (alleging

EWM's address); 65 ("Pae coordinated with the Plan Administrator EWM to manage the Plan accounts and decide how much value should be reflected in each account."); 119 ("employees were able to view on the EWM Global Plan Administration site the value of their Individual Plan Accounts broken down by year."); 207 ("Defendant EWM misrepresented through the EWM system that Sullivan's and other Plan participants['] accounts had zero value, and eventually locked them out of their accounts."); 223 (alleging that EWM served as external administrator, and that it "managed" the plan and determined the "amount [] in each account" and "represented those amounts"); 256 ("[all other] Defendants through the EWM system misrepresented Sullivan's account as having zero value.")  Other than in these conclusory allegations EWM is not referenced specifically anywhere else in the document.

## ARGUMENT

### POINT I

**THE AMENDED COMPLAINT DOES NOT ALLEGE
THAT EWM WAS A FIDUCIARY OR THAT IT PARTICPATED
IN THE ALLEGED SCHEME; THE ERISA BREACH OF THE FIDUCIARY
DUTY CLAIM (COUNT I) SHOULD BE DISMISSED AS TO EWM.**

The allegations in the Amended Complaint against EWM fail to satisfy the federal pleading requirements.  To survive a Rule 12(b)(6) motion to dismiss, plaintiff must allege facts sufficient to state a claim for relief that is plausible on its face under Rule 8.  The complaint must "give each defendant fair notice of what the plaintiff's claim is and the ground upon which it rests."  *Atuahene v. City of Hartford*, 10 F. App'x 33, 34 (2d Cir. 2001) (citation and internal quotation marks omitted); *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 555 (2007).  Conclusory or "'naked assertion[s]' devoid of 'further factual

enhancement'" will not satisfy Rule 8's requirements. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 557).

Similarly, allegations against a group of defendants, generalized for the group, are insufficient to satisfy the general pleading standards. *Twombly*, 550 U.S. at 565 n.10. Group pleading, without specific facts as to each defendant, does not sufficiently state a claim for relief. *Atuahene*, 10 F. App'x at 34 (dismissing complaint under Rule 8 because plaintiff "lump[ed] all the defendants together in each claim and provid[ed] no factual basis to distinguish their conduct").

In the Amended Complaint plaintiff repeatedly refers to "Defendants" or the "ERISA Defendants," and does not allege facts regarding how any one of the defendants engaged in any wrongful act, or any particular acts at all. (*E.g.* Am. Compl. ¶ 224.) Plaintiff's collective pleading violates Rule 8(a), which "requires, at a minimum, that a complaint give each defendant fair notice of what the plaintiff's claim is and the ground upon which it rests." *SCE Grp. Inc. v. City of N.Y.*, 8 Civ. 8909 (AT), 2020 WL 1033592, at *3 (S.D.N.Y. Mar. 3, 2020) (citing *Atuahene*, 10 F. App'x at 34).

Moreover, an ERISA plaintiff claiming fraud "must plead fraud with the requisite particularity." *Caputo v. Pfizer, Inc.*, 267 F.3d 181, 191 (2d Cir. 2001). Fed. R. of Civ. P. 9(b) requires that, "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." To meet this heightened pleading standard, "a plaintiff should specify the time, place, speaker, and content of the alleged misrepresentations." *Id.* (citing *Luce v. Edelstein*, 802 F.2d 49, 54 (2d Cir. 1986)). Additionally, "the complaint should explain how the misrepresentations were fraudulent and "plead those events which give rise to a strong inference that the defendant[ ] had an

intent to defraud, knowledge of the falsity, or a reckless disregard for the truth.'"  *Id.*
(quoting *Connecticut Nat'l Bank v. Fluor Corp.*, 808 F.2d 957, 962 (2d Cir. 1987)).

       Rather than plead with particularity the specific time, place, speaker, and
content of the alleged misrepresentations made by EWM, plaintiff lumps all "ERISA
Defendants" together claiming they have all breached some unspecified fiduciary duty.
(Am. Compl. at ¶¶ 225-227.)  The only paragraph that specifically references EWM in the
ERISA cause of action simply describes, in a conclusory fashion, EWM's role as a record
keeper, without any allegations of fraud.  (*Id.* at ¶ 223.)

       Additionally, the threshold question of breach of fiduciary duties claim under
ERISA is "whether that person was acting as a fiduciary (that is, was performing a fiduciary
function) when taking the action subject to complaint."  *Pegram v. Herdrich*, 530 U.S. 211,
226 (2000).  Whether a party is a fiduciary under ERISA depends "'on the exercise, as well
as the possession, of authority or control' over a pension plan's assets, without regard to the
title of the person exercising such control."  *Allen v. Credit Suisse Sec. (USA) LLC*, 895 F.3d
214, 223 (2d Cir. 2018) (quoting *Blatt v. Marshall & Lassman*, 812 F.2d 810, 812–13 (2d Cir.
1987)).  The principal question is whether the purported fiduciary "exercises any
discretionary authority or discretionary control respecting management of such plan . . . or
disposition of its assets," or "has any discretionary authority or discretionary responsibility
in the administration of such plan."  *In re Express Scripts/Anthem ERISA Litig.*, 285 F. Supp.
3d 655, 677 (S.D.N.Y. 2018), *aff'd sub nom. Doe 1 v. Express Scripts, Inc.,* 837 Fed. Appx. 44
(2d Cir. 2020) (quoting 29 U.S.C. § 1002(21)(A)).  The Amended Complaint is devoid any
factual allegations regarding discretionary control.  This fundamental requirement is not
satisfied.

Outside of a naked assertion that the "ERISA Defendants are all fiduciaries of the plan" and "exercised control over the Plan" (Am. Compl. at ¶ 221), the Amended Complaint lacks any allegations that EWM specifically exercised discretionary authority or discretionary control. Plaintiff, without any factual basis, alleges (in a conclusory fashion) that EWM "determined what amount was in each account and represented those amounts to Sullivan through his Individual Plan Account portal" and "disseminat[ed] all Plan information and statements." (*Id.* at ¶ 223.) Such roles reflect a record keeper, and not a fiduciary exercising discretionary control. Plaintiff's breach of fiduciary duty claim against EWM should be dismissed.

## POINT II

### THE AMENDED COMPLAINT DOES NOT ALLEGE AN INDEPENDENT TORT AGAINST EWM TO SUPPORT THE CIVIL CONSPIRACY CLAIM; COUNT 18 AS TO EWM SHOULD BE DISMSSED.

The allegations in the Amended Complaint do not support a civil conspiracy claim against EWM. (Am. Compl. ¶¶ 346-50.) New York law does not recognize a standalone tort of civil conspiracy. *Durante Bros. & Sons, Inc. v. Flushing Nat'l Bank*, 755 F.2d 239, 251 (2d Cir. 1985). Rather, in order to establish a claim for civil conspiracy, a plaintiff must provide "evidence of an underlying actionable tort." *Missigman v. USI Northeast, Inc.*, 131 F. Supp. 2d 495, 517 (S.D.N.Y. 2001). Where there is an underlying tort, the elements of civil conspiracy are: "(1) the corrupt agreement between two or more persons, (2) an overt act, (3) their intentional participation in the furtherance of a plan or purpose, and (4) the resulting damage." *Kashi v. Gratsos*, 790 F.2d 1050, 1055 (2d Cir. 1986). None of these elements are alleged in the Amended Complaint.

Plaintiff has failed to adequately allege any underlying tort against EWM. Furthermore, there are no allegations of an agreement between EWM and other defendants to defraud plaintiff.  Indeed, nothing is alleged other than a standard professional relationship between the officials at EWM and those at the Archegos.  The Amended Complaint makes only conclusory blanket allegations that "each Defendant intentionally or knowingly participated in the furtherance or support of fraud."  (Am. Compl. ¶ 348.)  These allegations are insufficient to establish a cause of action for civil conspiracy.

## CONCLUSION

For the foregoing reasons EWM's motion to dismiss should be granted, and the Amended Complaint as to EWM should be dismissed with prejudice.

Dated:  New York, New York
       November 21, 2023

PHILLIPS LYTLE LLP

By: */s/ Joseph B. Schmit*
    Joseph B. Schmit
    Trent J. Citarella
    Eric Robert Freiman

Attorneys for Defendant
*EWM LLC d/b/a EWM Global*
The New York Times Building
620 Eighth Avenue, 38th Floor
New York, New York 10018-1142
Tel. No. (212) 759-4888
jschmit@phillipslytle.com

Doc #11458645