UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

BRENDAN SULLIVAN,

        Plaintiff,　　　　　　　　　　　　　　Civil Action No.:
　　　　　　　　　　　　　　　　　　　　　　　　1:22-cv-5675-PPG
    v.

SUNG KOOK ("BILL") HWANG,
ARCHEGOS CAPITAL MANAGEMENT, LP,
ARCHEGOS CAPITAL MANAGEMENT, LLC, THE
GRACE AND MERCY FOUNDATION, INC.,
ARCHEGOS FUND LP, EWM LLC, d/b/a EWM
GLOBAL, ANDY MILLS, DIANA PAE, BRIAN
JONES, SCOTT BECKER, and PATRICK HALLIGAN,

        Defendant.
_____


**REPLY MEMORANDUM IN SUPPORT OF EWM LLC'S
MOTION TO DISMISS THE AMENDED COMPLAINT**

                                        Respectfully,

                                        PHILLIPS LYTLE LLP
                                        Attorneys for Defendant
                                        *EWM LLC*
                                        620 Eight Avenue, 38th Floor
                                        New York, New York 10018-1442

Joseph B. Schmit
-Of Counsel-

Defendant EWM LLC submits this reply memorandum in support of its motion, pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Motion"), to dismiss the Amended Complaint ("Am. Compl.") of Plaintiff, Brendan Sullivan, on the ground that it fails to state a claim upon which relief may be granted.

## PRELIMINARY STATEMENT[1]

As with the Amended Complaint, Plaintiff's Consolidated Opposition to Motions to Dismiss ("Opposition") scarcely mentions EWM. Other than to note that it is a named defendant, EWM is not mentioned in the preliminary statement where Plaintiff tells his story. Moreover, the Opposition cites to just *three* paragraphs in the Amended Complaint regarding EWM. Those three paragraphs fall woefully short of alleging a factual basis that EWM was a fiduciary or breached any duty under ERISA or otherwise owed to Plaintiff.[2]

Additionally, Plaintiff fails to address EWM's argument that Count Eighteen was insufficiently pled because no underlying tort has been alleged against EWM. Plaintiff, therefore, concedes that Count Eighteen has not been adequately pled against EWM. It should be dismissed.

For these reasons, EWM's motion should be granted. The Amended Complaint should be dismissed with prejudice as to EWM.

---

[1] Unless otherwise denoted, all capitalized terms shall have the same meaning as ascribed to them in the Motion.

[2] EWM again joins in the arguments of the other defendants that the plan in question is not governed by ERISA. To the extent that argument is accepted by this Court, Count One as to EWM must be dismissed.

# ARGUMENT

## POINT I

### PLAINTIFF'S FIDUCIARY DUTY CLAIM AGAINST EWM FAILS BECAUSE HE DID NOT AND CANNOT ALLEGE THAT EWM WAS A FIDUCIARY OR THAT IT PARTICIPATED IN THE ALLEGED SCHEME.

As EWM demonstrated in the Motion the principal question is whether the purported fiduciary "exercise[d] any discretionary authority or discretionary control respecting management of such plan . . . or disposition of its assets," or "ha[d] any discretionary authority or discretionary responsibility in the administration of such plan." (Motion at 7-8); *In re Express Scripts/Anthem ERISA Litig.*, 285 F. Supp. 3d 655, 677 (S.D.N.Y. 2018), *affd sub nom. Doe 1 v. Express Scripts, Inc.,* 837 Fed. Appx. 44 (2d Cir. 2020) (quoting 29 U.S.C. § 1002(21)(A)).  Plaintiff's three conclusory allegations are inadequate under the applicable pleading standard to sustain a breach of ERISA fiduciary duty claim against EWM.

A.   The three vague allegations referencing EWM do not satisfy the applicable pleading standards under Rule 8 and 9(b).

Attempting to minimize its impact Plaintiff addresses the pleading standard in relation to the common law claims only.  (Opp. at 36).  That same standard, however, applies to the ERISA claim as well.  Motion at 6-7; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 557 (2007); *Henneberry v. Sumitomo Corp. of Am.*, 532 F. Supp. 2d 523, 555 (S.D.N.Y. 2007) ("Rule 9(b)'s heightened pleading standards apply to breach of fiduciary duty claims where the breach is premised on the defendant's fraudulent conduct.").  As EWM demonstrated in its Motion, despite hundreds of detailed paragraphs, EWM is added as an afterthought.  Under the applicable

pleading standard, the three allegations that specifically mention EWM, individually or in the aggregate, are insufficient to sustain an ERISA claim against EWM.

*First*, Plaintiff alleges "EWM was responsible for providing employees an online portal to view their deferred compensation accounts." (Opp. at 35; Am. Compl. ¶ 119). On its face this allegation does not address any actionable conduct. Indeed, Plaintiff's own authority recognizes that this does not amount to control over the disposition of plan assets. *Disberry v. Empl. Relations Comm. of Colgate-Palmolive Co.*, 646 F. Supp. 3d 531, 542 (S.D.N.Y. 2022) (holding operating a website and maintenance of account information, even control over making changes to account information, are ministerial in nature and do not suggest control over the disposition of plan assets).

*Second*, Plaintiff, without any factual predicate, alleges EWM was charged with "determin[ing] what amount was in each account." (Opp. at 35; Am. Compl. ¶ 223). Such a conclusory allegation, without identifying a single individual or any factual basis comprising the "who, when, where" of any given misrepresentation does not satisfy the applicable pleading standard. (Motion at 6-7).

Additionally, such an alleged "controlling" role is undermined by the terms of the agreement between EWM and Archegos. (Declaration of Joseph B. Schmit sworn to Nov. 21, 2023, Ex. 3) (providing the scope of Archegos' responsibilities under the agreement and undermining Plaintiff's claim that EWM had control over the plan assets); *Matusovsky v. Merrill Lynch*, 186 F. Supp. 2d 397, 400 (S.D.N.Y. 2002) ("If a plaintiff's allegations are contradicted by [documents that are integral to the pleading], those allegations are insufficient to defeat a motion to dismiss"). Plaintiff's attempt to escape the contractual language (Opp. at n.12) should be rejected. It is well settled that the Court "may still

consider [such a contract] while adjudicating a motion to dismiss, as long as the complaint 'relies heavily upon [the document's] terms and effect.'" *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002). Plaintiff, in fact, cites case law in which the court considered analogous documents. *Disberry*, 646 F. Supp. 3d at 539 (considering a Master Services Agreement submitted with defendant's motion to dismiss because it was central to plaintiff's claim that defendant became a fiduciary to the plan due to the duties it was obligated to perform through its contractual relationship with co-defendant).

The Amended Complaint contains conclusory allegations regarding EWM's supposed role at Archegos. A contract setting forth EWM's specific role, as well as Archegos's responsibilities, should be considered. Of course, had EWM strayed from the terms of its service contract with Archegos, the Amended Complaint undoubtedly would have included such allegations. As EWM stayed within the ministerial confines of its service agreement with the fund, however, Plaintiff necessarily seeks to keep the contract away from the Court. He should not be permitted to do so.

*Third*, Plaintiff alleges that EWM coordinated with the other defendants to misrepresent the Plaintiff's plan had zero value, and eventually locked them out of their accounts. (Opp. at 35; Am. Compl. ¶ 207). This is, yet again, another conclusory allegation which merely describes EWM's role as a record keeper, without specific allegations of fraud. This naked assertion is devoid of sufficient factual enhancement and neither satisfies FRCP 8 nor FRCP 9(b). *See* Motion at 6-7 (collecting cases); *Henneberry*, 532 F. Supp. 2d at 555 (noting that Rule 9(b)'s heightened pleading standard is applicable to cases such as this sounding in fraud). Plaintiff's breach of fiduciary duty claim against EWM should be dismissed.

B.  **Plaintiff's attempts to justify the impermissible collective pleading do not apply to EWM.**

Plaintiff argues that its generalized group pleading against all defendants satisfies Rule 8. (Opp. at 37-38). Notably, while attempting to illustrate that the Amended Complaint alleges the specific role defendants had in the plan, Plaintiff fails to cite *any* reference to EWM. (*Id.*). Specifically, Plaintiff states "the Amended Complaint alleges the role that each of the *Executive Defendants* had in the Plan and the specific fraudulent misrepresentations and omissions each made in furtherance of the fraudulent scheme." (*Id.* at 37) (emphasis added). Plaintiff then goes on to list citations to paragraphs in the Amended Complaint for each Executive Defendant, but provides none for EWM. (*Id.* at 38). No such allegations exist in the Amended Complaint. Plaintiff has not alleged the required nexus between EWM's alleged discretion and the wrongdoing alleged in the complaint. *Haley v. Teachers Ins. and Annuity Assn. of Am.*, 2018 WL 1585673, at *6 (S.D.N.Y. Mar. 28, 2018). Plaintiff's impermissible lumping of all defendants fails to give EWM fair notice of what the claims are and the grounds on which they rest.

\* \* \*

The Amended Complaint fails to allege an ERISA claim against EWM. It should be dismissed with prejudice as against EWM.

## POINT II

### PLAINTIFF HAS ABANDONED THE CIVIL CONSPIRACY CLAIM AGAINST EWM.

The second, and final, cause of action alleged against EWM is Count Eighteen for Civil Conspiracy. In the Motion EWM demonstrated that New York law does not recognize a standalone tort of civil conspiracy and that Plaintiff failed to adequately

allege an underlying tort. (Motion at 8-9). Plaintiff's Opposition fails to address these arguments, and thus concedes their validity. *Henley v. City of Buffalo*, No. 1:22-CV-0006, 2023 WL 2975560, at *1 (W.D.N.Y. Mar. 27, 2023), *report and recommendation adopted*, No. 22-CV-65-LJV-JJM, 2023 WL 2974633 (W.D.N.Y. Apr. 17, 2023) ("[by] failing to respond to defendants' arguments, [a] plaintiff concedes their validity."). The civil conspiracy claim should be dismissed with prejudice.

## CONCLUSION

For the foregoing reasons EWM's motion to dismiss should be granted, and the Amended Complaint as to EWM should be dismissed with prejudice.

Dated:  New York, New York
        March 22, 2024

PHILLIPS LYTLE LLP

By: */s/ Joseph B. Schmit*
    Joseph B. Schmit
Attorney for Defendant
*EWM LLC d/b/a EWM Global*
The New York Times Building
620 Eighth Avenue, 38th Floor
New York, New York 10018-1142
Tel. No. (212) 759-4888
jschmit@phillipslytle.com

Doc #11726174